## Lovelace v. Commonwealth.

(Decided January 17, 1922.)

### Appeal from Rowan Circuit Court.

1. Indictment and Information—Duplicity—Demurrer—Election.— Where separate and distinct offenses are improperly joined in an indictment, the indictment is demurrable unless the Commonwealth elects which of the offenses it will prosecute.

2. Indictment and Information—Rule as to Indictment Negativing Exception Stated.—An indictment must negative exception if it is contained in the paragraph of the statute creating and describing the offense.

3. Intoxicating Liquors—Indictment Demurrable for Failure to Negative Exceptions Contained in the Statute.—An indictment, whether charging the offense of selling, transporting or keeping for sale intoxicating liquors, in violation of Acts 1920, chapter 81, section 1, is demurrable unless it negatives the exceptions by adding the words, "for other than sacramental, medicinal, scientific or mechanical purposes in the Commonwealth of Kentucky," or other words of similar import.

CLAY & HOGGE for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

James Lovelace, who was tried and convicted of the offense of transporting intoxicating liquors, and his punishment fixed at a fine of $200.00 and thirty days' imprisonment in the county jail, seeks a reversal of the judgment.

We need go no further than the indictment. While the indictment accuses the defendant of the offense of selling intoxicating liquors, yet in setting forth the particular circumstances of the offense, it charges three separate and distinct offences: (1) Selling intoxicating liquors; (2) transporting intoxicating liquors; (3) keeping intoxicating liquors for sale. It is the rule that an indictment must name the offense charged, and that conviction can be had only for the offense named. Brooks v. Commonwealth, 98 Ky. 143, 32 S. W. 403; Commonwealth v. Tupman, 30 S. W. 661, 17 Ky. L. Rep. 217; Miller v. Commonwealth, 77 S. W. 682, 25 Ky. L. Rep. 1236. It is also the rule that an indictment must charge but one offense, section 126, Criminal Code, except in the

cases mentioned in section 127, Criminal Code, and the offenses here charged do not fall within the exceptions. Another rule equally well settled is that where separate and distinct offenses are improperly joined in the indictment, the indictment is demurrable, unless the Commonwealth elects which of the offenses it will prosecute. Messer v. Commonwealth, 80 S. W. 489. Here the Commonwealth did not elect, and the demurrer to the indictment should have been sustained.

The indictment is defective for another reason. It is based on section 1, chapter 81, Acts 1920, which provides:

"That it shall be unlawful to manufacture, sell, barter, give away or keep for sale, or transport, spirituous, vinous, malt or intoxicating liquors except for sacramental, medicinal, scientific or mechanical purposes in the Commonwealth of Kentucky."

We have repeatedly held that if an exception is contained in the paragraph of the statute creating and describing the offense, it must be negatived in the indictment. Such is the case here, and an indictment, whether charging the offense of selling, or transporting, or keeping for sale, should contain the further allegation, "for other than sacramental, medicinal, scientific or mechanical purposes in the Commonwealth of Kentucky," or other words of similar import. Dials v. Commonwealth, 192 Ky. 440, 233 S. W. 888.

Wherefore, the judgment is reversed and cause remanded with directions to sustain the demurrer to the indictment.