## Walker v. Commonwealth.

(Decided January 17, 1922.)

### Appeal from Madison Circuit Court.

1.  Indictment and Information—Duplicity.—An indictment which charges two offenses is duplicitous and subject to demurrer.

2.  Intoxicating Liquors—Indictment and Information—Exceptions.—An indictment charging the defendant with the offense of selling liquor, but which fails to negative the exceptions set forth in the statute allowing a sale for sacramental, medicinal, scientific or mechanical purposes, is bad.

R. C. OLDHAM for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversng.

The appellant, Owen Walker, complains of his conviction in the Madison circuit court of the offense of selling spirituous, vinous and malt liquors, for which he was fined $100.00 and sentenced to serve sixty days in the county jail. He insists that the judgment of conviction should be reversed by this court: (1) Because the trial court erred to the prejudice of defendant's substantial rights in overruling a general demurrer to the indictment. (2) In refusing to instruct the jury that if it believed from the evidence that the defendant Walker was acting only as the agent of the witness Runyon, and procured the whiskey for said Runyon, and was not himself the actual seller, it should find him not guilty.

The indictment reads: "The grand jury of Madison, in the name and by the authority of the Commonwealth of Kentucky, accuse Owen Walker of the offense of keeping and having in possession spirituous, vinous and malt liquors for sale, and sell same committed as follows: That said Owen Walker on the 11th day of October, 1921, in the county aforesaid did unlawfully have in possession and keeping for sale spirituous, vinous and intoxicating liquors for other than mechanical, medicinal, scientific and sacramental purposes, etc., and did unlawfully sell said intoxicating liquors to Amos Runyon, against the peace and dignity of the Commonwealth of Kentucky."

1. A general demurrer was interposed by appellant to the indictment, and overruled by the court. The indictment is subject to criticism for duplicity, and because it does not properly negative the exception in the statute under which it is drawn. Cook v. Com. 417. It has other imperfections. We held in the recent case of Dials v. Commonwealth, 192 Ky. 440, that such an indictment charging the offense of having in one's possession intoxicating liquors for other than medicinal, scientific, sacramental or mechanical purposes, was subject to demurrer if the exception was not properly pleaded, and to this rule we adhere.

As the indictment charges the defendant with two offenses: (a) having whiskey in possession for the purpose of sale, (b) selling whiskey, it was subject to demurrer. Criminal Code, section 126; Ellis v. Commonwealth, 78 Ky. 130; Messer v. Commonwealth, 26 Ky. L. R. 40. Furthermore, the exception in the statute must be nega-

tived in an indictment charging a sale the same as in an indictment charging defendant with having whiskey in his possession for the purpose of sale. Chapter 81, Acts 1920, page 377. In pleading the exception the disjunctive *or* should be employed in place of the conjunctive *and* between the words "scientific" and "mechanical" so that the phrase in the indictment should read, "for other than sacramental, medicinal, scientific *or* mechanical purposes." On account of the duplicitous character of the indictment and the failure to negative the exceptions, it was error on the part of the trial court to overrule the demurrer of the defendant, but we are inclined to the view and hold that the employment of the conjunctive *and* in place of the disjunctive *or* in that part of the indictment which attempts to negative the exception, while erroneous, was not prejudicial.

2. The trial court gave the jury the usual instruction where the defendant is charged with the unlawful sale of whiskey, and of this there is no complaint, but appellant insists that in addition to telling the jury that if it believed from the evidence, beyond a reasonable doubt, that the defendant Walker, in Madison county, and within twelve months next before the finding of the indictment, sold whiskey to Amos Runyon, it should find the defendant guilty and fix his punishment at a fine within the limits fixed by the statute, and unless the jury believed from the evidence that the defendant had been proven guilty, beyond a reasonable doubt, it should find him not guilty, the court should have further instructed the jury that if it believed from the evidence that the defendant delivered the whiskey mentioned in the evidence to Runyon, but further believed from the evidence that the defendant Walker was acting as the agent of the said Runyon and procured the whiskey for him, and was not himself the seller, it should find him not guilty. This would have been merely a restatement in part of the law given by the court, or rather that law stated conversely. The jury under the instruction given by the court was not authorized to find the defendant guilty, unless it believed from the evidence, beyond a reasonable doubt, that the defendant, Walker, sold the whiskey to Runyon. To that charge he pleaded not guilty. The instruction offered by the appellant was but a restatement of that part of the law given by the court requiring the jury to acquit the defendant unless it believed from the evidence, beyond a

reasonable doubt, that appellant, Walker, sold the whiskey to Runyon, and was argumentative in its nature. It follows that the trial court did not err in refusing to give said instruction.

For the reasons indicated the judgment is reversed for a new trial.

Judgment reversed.