## Rickman v. Commonwealth.

(Decided September 26, 1922.)

### Appeal from McCracken Circuit Court.

1. Indictment and Information—Exceptions.—An exception contained in a sentence or paragraph of a criminal statute which creates and describes an offense must be negatived in the indictment.
2. Intoxicating Liquors—Indictment and Information.—An indictment which charges that the defendant manufactured or sold liquor except for sacramental, medicinal, scientific or mechanical purposes, does not negative the exception in the statutes, because the word "except" is generally employed as synonymous with the words "but for" and "only for."

REED & BURNS for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

Appellant Rickman was indicted and convicted in the McCracken circuit court of the offense of manufacturing intoxicating liquors in a manner not provided by law.

The specifications of the indictment read: "The said Jim Rickman in the said county of McCracken, on the 5th day of January, 1922, and within one year before the finding of this indictment, did, unlawfully, manufacture spirituous, vinous, malt and intoxicating liquors, to-wit: whiskey, brandy, wine, alcohol and mixtures thereof except for sacramental, medicinal, scientific and mechanical purposes, against the peace and dignity of the Commonwealth of Kentucky." To this indictment Rickman filed a general demurrer which the court overruled. He excepted to the ruling of the court upon the demurrer, and that is the sole ground upon which he seeks a reversal of the judgment in this court. Appellant contends that the exceptions contained in the statute under which the indictment is drawn is not negatived and the indictment does not show that appellant did not come within one of the four exceptions provided by the act. The statute reads: "It shall be unlawful to manufacture, sell, barter, give away or keep for sale or unlawfully have in possession or transport spirituous, vinous, malt or intoxicating liquors *except* for sacramental, medicinal, scientific or mechanical purposes in the Commonwealth of Kentucky." The indictment follows the language of the statute but does not negative the exceptions "for sacramental, medicinal, scientific or mechanical purposes." It has long been a general rule in this jurisdiction that an exception contained in the sentence or paragraph of a criminal statute which creates and describes an offense must be negatived in the indictment. The exceptions in the statute under consideration is contained in the sentence and paragraph, and as held in the case of Dials v. Commonwealth, 192 Ky. 440; Walker v. Commonwealth, 192 Ky. 257; Lovelace v. Commonwealth, 193 Ky. 425; Meeks v. Commonwealth, 192 Ky. 690, must be negatived.

The Commonwealth insists that the averment in the indictment is sufficient because it follows the language of the statute, but this position is untenable for there is clearly no negation of the exception. It is as if no exceptions whatever had been mentioned in the indictment. Reducing the indictment to its last analysis, Rickman is charged with unlawfully manufacturing intoxicating liquors except for sacramental, etc., purposes. From the Century Dictionary we learn that the word "except" means to take or leave out of consideration, to exclude from a statement, omit or withhold. In the case of Campbell v. Jackson Bros., 140 Iowa 475, it is said

the office of an exception in a statute in general is to take or exclude from the operation of the statutes certain matters which would otherwise be included. See also case of C. & O. Ry. Co. v. Miller, 19 West Va. 430-437.

The expression "except for" is synonymous in many instances with "but for" and "only for." If appellant manufactured intoxicating liquors "except for" the purposes allowed by law, or "but for" such purposes, or "only for" such purposes, he was not guilty. In other words, the statute allows the manufacturing of intoxicating liquors for certain purposes set out in the exceptions, and to make the indictment good, under our rule, it is necessary to negative the exception; that is, show that the alleged offender did not manufacture the intoxicating liquors either for sacramental, medicinal, scientific or mechanical purposes, and this negation is generally accomplished by the expression "for other than," or "not for" sacramental, medicinal, scientific or mechanical purposes. Any expression indicating that the defendant named in the indictment does not come within the exceptions is a sufficient negation, but to charge that the defendant manufactured intoxicating liquors except for sacramental, medicinal, scientific or mechanical purposes does not put him beyond the pale of the law.

For the reasons indicated the general demurrer to the indictment should have been sustained, and the trial court having erroneously overruled the demurrer the judgment must be reversed for proceedings not inconsistent with this opinion.

Judgment reversed.