## Shepherd v Commonwealth.

(Decided January 16, 1923.)

### Appeal from Floyd Circuit Court.

Intoxicating Liquors — Indictment — Exception.— An indictment charging the offense of unlawfully selling spirituous liquor in violation of the prohibition enforcement statute, must negative the exceptions contained in the statute; and its failure to do so will make the indictment fatally defective on demurrer. As the indictment in this case failed to negative the exceptions contained in the statute, the action of the trial court in overruling the appellant's demurrer to same was reversible error.

B. M. JAMES for appellant.

CHAS. I. DAWSON, Attorney General, and THOS B. McGREGOR, Assistant Attorney General, for appellee

Opinion of the Court by Judge Settle—Reversing.

The appellant, Tobe Shepherd, was tried and convicted in the court below of the offense of unlawfully having in his possession spirituous liquors for sale, and his punishment fixed by verdict of the jury and the judgment entered thereon, at a fine of $100.00 and confinement of 30 days in jail. Complaining that his conviction was wrongfully obtained, and also of the denial to him of a new trial, he has appealed from the judgment of the circuit court.

Two of the grounds that were urged for the new trial are relied on for a reversal of the judgment appealed from, viz.: error alleged to have been committed by the trial court, (1), In overruling the appellant's demurrer to the indictment; (2), in overruling his motion for a directed verdict of acquittal, because of the absence of evidence tending to prove his guilt.

The indictment after formally accusing the appellant of the offense in question, proceeds to allege the particular acts on his part constituting the offense as follows:

"The defendant, Tobe Shepherd, on the 5th day of September, 1921, in the county and circuit aforesaid, did unlawfully have in his possession spirituous liquor, moonshine whiskey, for sale. Against the peace and dignity of the Commonwealth of Kentucky."

It readily will be perceived that the indictment does not negative the exceptions contained both in the enacting clause and body of the statute under which the indictment was found, which exceptions permit as lawful the possession for sale, and the sale, of spirituous, vinous and malt liquors for "sacramental, medicinal, scientific or mechanical purposes." In the cases cited below, and others that might be cited, we held that the failure of an indictment like that under consideration to negative the exceptions contained in the statute referred to, rendered the indictment fatally defective on demurrer. Dials v. Commth., 192 Ky. 440; Walker v. Commth., 193 Ky. 427; Lovelace v. Comth., 193 Ky. 425; Rickman v. Comth., 195 Ky. 715.

As it is patent that the trial court's overruling of the appellant's demurrer to the indictment was such error as will compel the reversal of the judgment, it will be unnecessary for us to consider his second contention, hence it is not passed on.

For the reason indicated the judgment is reversed with directions to set it aside, grant a new trial and sustain the demurrer to the indictment.