## Thacker v. Commonwealth.

(Decided January 26, 1923.)

### Appeal from Clarke Circuit Court

1. Intoxicating Liquors—Warrant.—A warrant need not charge a public offense with same particularity and strictness that are required in an indictment.
2. Intoxicating Liquors—Impeaching Witness—Reputation.—The general reputation of a defendant in a prosecution, under the 1922 prohibition act, may be impeached by the Commonwealth for bootlegging or other violation of the act.
3. Intoxicating Liquors—Burden of Proof—Instructions.—The burden is on the defendant in a prosecution for the sale of liquor under the 1922 act to show that he made the sale or possessed the liquor for medicinal, mechanical, sacramental or scientific purposes, and it is unnecessary for the court to instruct upon the exceptions named in the statutes unless the defendant claims he made the sale or possessed the liquor for such purposes and introduces evidence in support of such claim.

RODNEY HAGGARD for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—Affirming.

Appellant, Mrs. Tacker, was indicted and convicted in the Clark circuit court of the offense of selling a pint of moonshine, and her punishment fixed at a fine of $200.00 and confinement in jail for thirty days. She appeals. The prosecution originated in the police court by warrant issued on the 10th of June, 1922, charging her with a sale made on that day, but the warrant failed to negative the exceptions contained in the statutes. Dials v. Commonwealth, 192 Ky. 440. There was no demurrer to the warrant either in the police court or in the circuit court after it was appealed there. While the war-

rant was somewhat defective it was, we think, under our rule requiring less technical strictness in the averments of a warrant than is necessary in an indictment, sufficient to sustain the judgment in the absence of a demurrer or other objection to the warrant.

It is next asserted by appellant that the court allowed incompetent evidence to be introduced against her to her prejudice. This evidence consisted in impeachment of her character by showing she had the reputation of selling liquor in violation of law. As the offense was charged and proven to have been committed on the 10th day of June, 1922, after the taking effect of the present law, it was competent for the Commonwealth to show her reputation for dealing in intoxicating liquors. See Acts, 1922, sec. 15, page 117. Mullins v. Commonwealth, 196 Ky. 613; Fletcher v. Commonwealth, 196 Ky. 625; Price v. Commonwealth, 195 Ky. 711; Handshoe v. Commonwealth, 195 Ky. 762.

In instructing the jury the court directed it to find the defendant guilty if it believed from the evidence beyond a reasonable doubt that appellant had in Clark county within twelve months before the issual of the indictment sold any whiskey to Jimmie Jones *"except for"* medicinal, mechanical, scientific or sacramental purposes. We have written in the case of Rickman v. Commonwealth, 195 Ky. 715, that the exceptions in the statutes must be negatived in the indictment and that this is not accomplished by the expression "except for" which is not synoymous with "other than" or "not for," and this opinion is relied upon and this error in the instructions urged by appellant as grounds for a reversal of the judgment in this case. This insistence is groundless. The instructions are erroneous but not prejudicial to appellant. No mention should have been made of the exceptions in the statute in the instructions to the jury in this case, for the facts did not warrant it. If a defendant in a liquor case desires to rely upon one of the exceptions in the statute he must show or offer evidence to show that he comes within it. We have held in the case of Smith v. Commonwealth, 196 Ky. 188, that while the indictment must negative the exceptions in the statute, the burden is on the defendant to show that he comes within one of the exceptions, for section 9 of the recent act provides that in any suit, prosecution, proceeding, action or motion concerning same the burden of proving the whiskey has been

lawfully acquired and is intended to be used lawfully is upon the defendant. In the Smith case, *supra,* we said: "It is true that to accuse one of the offense of unlawfully selling intoxicating liquors, as denounced by section 2554a-1, Ky. Stats., it is necessary in order to charge the defendant with a public offense to aver in the indictment that the purpose for which the sale was made did not come within one of the exceptional purposes stated in the statute, or, in other words, to negative the exceptions, and that is to aver that it was not sold for a sacramental, medicinal, scientific or mechanical purpose. This has been often so held in accordance with a long line of decisions of this court, and has been applied to the charge of the offense of selling intoxicating liquors under the present statute. Lovelace v. Comlth., 193 Ky. 425; Dials v. Comlth., 192 Ky. 440, and numerous other opinions of this court at its present term. We are not of the opinion, however, that in order to sustain a conviction the Commonwealth must assume the burden and prove that the purpose for which the liquors were sold was not for a sacramental, medicinal, scientific or mechanical purpose. To require the Commonwealth to do this would be to require it to prove a negative, and while the general rule applying to criminal prosecutions is that if a negative averment is an essential to making out the offense, the burden rests upon the Commonwealth to do so, except in the class of negatives which it is almost impossible to prove affirmatively, and the truth of the negative is peculiarly within the knowledge of the defendant, who is able forthwith and without inconvenience to demonstrate by evidence the truth touching it. In such instances when the Commonwealth has proven an act which is forbidden to be done by statute, by all persons, except those of a particular class, or excepting certain qualified persons, a *prima facie* case is made out and the negative averment is taken as true, unless disapproved by the defendant."

In this case the Commonwealth introduced evidence tending to prove appellant sold one pint of whiskey to the witness. She denied the sale, but she did not claim or introduce evidence to prove that the sale was made for sacramental, medicinal, scientific or mechanical purposes. She in effect admitted she had no right to possess liquors for sale, or to sell them, but she made an issue on the question of sale by swearing she did not sell the whiskey to the witness as claimed by him. She thus admitted

she did not sell the whiskey for sacramental, medicinal, scientific or mechanical purposes. In such case an instruction telling the jury that if it believed from the evidence beyond a reasonable doubt that the defendant sold the whiskey to the witness for other than sacramental, medicinal, scientific or mechanical purposes to find her guilty was erroneous in that the expression "for other than sacramental, medicinal, scientific or mechanical purposes" was surplusage, there being absolutely no issue on that point, but this error was harmless and this court is not warranted in reversing a judgment except where the error prejudicially affects the substantial rights of the appellant.

For the reasons indicated the judgment is affirmed.

Judgment affirmed.