## Vanover v. Commonwealth.

(Decided April 29, 1924.)

### Appeal from Pike Circuit Court.

1. Criminal Law—Overruling Demurrer to Warrant Harmless, where Commonwealth Elected Before Ruling.—Election by Commonwealth, in advance of any action taken by the trial court on demurrer to warrant, to prosecute for only one of the several offenses charged in the warrant, rendered unnecessary the sustaining of the demurrer, in so far as it related to the question of misjoinder of offenses.

2. Intoxicating Liquors—Statutory Exceptions Need Not be Negatived in Warrant.—Statutory exceptions must be negatived in an indictment for unlawful possession of intoxicating liquor, but the warrant need not charge an offense with the same particularity and strictness and need not negative the exceptions.

3. Criminal Law—Proof of Sale Admissible in Prosecution for Unlawful Possession of Intoxicating Liquor.—In a prosecution for unlawful possession of intoxicating liquor, proof of its sale by defendant, which constituted a separate offense, was admissible as tending to prove motive and purpose of possession.

4. Criminal Law—Intoxicating Liquors—Proof of Conviction of Another for Unlawful Possession of Same Liquor Held Incompetent, but Admission Not Prejudicial.—In prosecution for unlawful possession of intoxicating liquors, testimony that witness had been tried and convicted of having in his possession the liquor in question on the day of its purchase by him from defendant was not

admissible to fix the time of its unlawful possession by defendant, especially where there was no contrariety of evidence as to the time defendant had possession, if at all, but the admission of such evidence was not prejudicial.

5. Intoxicating Liquors—Witnesses—Evidence as to Possession of Liquor by Witness Held Inadmissible.—In prosecution for unlawful possession of intoxicating liquor, court did not err in excluding question whether witness for the state had in his possession intoxicating liquors a few days before defendant's arrest; such possession having no connection with defendant's guilt or innocence, and such evidence being incompetent, if offered to discredit witness, since reputation cannot be attacked by proof of isolated acts of wrongdoing.

6. Intoxicating Liquors—Burden on Defendant to Show that he Comes Within Exceptions.—While an indictment charging an offense defined by Acts 1922, c. 33, section 1, must negative the exceptions contained therein, the burden is on the defendant under section 9 to show that he comes within one of the exceptions.

7. Criminal Law—Credibility of Witnesses Held for Jury.—Where evidence in prosecution for unlawful possession of intoxicating liquors was conflicting, and substantially the whole of the material evidence was furnished by two witnesses, each by reputation a "bootlegger," it was not legal ground for disturbing verdict of conviction that the jury believed the Commonwealth's witness instead of defendant.

ROSCOE VANOVER for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This is an appeal from a judgment of the Pike circuit court entered upon the verdict of a jury whereby the appellant, Bob Vanover, was found guilty of the offense of unlawfully having in his possession intoxicating liquor, to-wit: "moonshine" whiskey, and his punishment fixed at a fine of $200.00 and confinement of thirty days in jail. The prosecution was by warrant issued by the judge of the Pike quarterly court. On his trial in that court the appellant was convicted; and his subsequent conviction under the warrant in the circuit court resulted on an appeal prosecuted by him to that court from the judgment of the quarterly court.

When the case was called for trial in the circuit court the appellant filed a demurrer to the warrant, which charged that he did in Pike county and within twelve months before its issuance, "unlawfully sell, barter, keep

for sale, have in his possession, transport from place to place and give away, spirituous, vinous, malt and intoxicating liquors to Mart Boyce and divers persons, whose names are unknown.'' Before any ruling was made by the trial court on the demurrer, the Commonwealth elected to try the appellant for unlawfully having in his possession intoxicating liquor, one of the several offenses charged in the warrant. Notwithstanding this election, the appellant insisted upon his demurrer to the warrant, which the court overruled, and to this ruling he excepted.

The reversal of the judgment of conviction is asked by the appellant because of error alleged to have been committed by the trial court in the following particulars: (1) In overruling his demurrer to the warrant. (2) In admitting incompetent and rejecting competent evidence. (3) In instructing the jury. With respect to the first of these contentions it is sufficient to say that the election made by the Commonwealth, in advance of any action taken by the trial court on the demurrer, to prosecute the appellant for only one of the several offenses charged in the warrant, rendered unnecessary the sustaining of the demurrer in order to compel the correction of the duplicity appearing in the warrant; hence, the action of the trial court in overruling the demurrer to the warrant, in so far as it related to the question of misjoinder of offenses therein, or that of election, could not have prejudiced the appellant in any substantial right.

It is, however, insisted for the appellant that as the warrant failed to negative the exceptions contained in the statute, viz., to allege that the intoxicating liquor he was charged with having in his possession was not possessed by him for ''sacramental, medicinal, scientific or mechanical purposes,'' it was fatally defective, for which reason his demurrer to it should have been sustained. This contention cannot be sustained. While we have repeatedly held that the statutory exceptions must be negatived in an indictment (Dials v. Comlth., 192 Ky. 440; Lovelace v. Comlth., 193 Ky. 425; Largin v. Comlth., 193 Ky. 366; Walker v. Comlth., 193 Ky. 426; Rickman v. Comlth., 195 Ky. 715; Elrod v. Comlth., 196 Ky. 60; Shepard v. Comlth., 197 Ky. 281), we have also as often held that a warrant need not charge a public offense with the same particularity and strictness required in an

indictment. Probst Brewing Co. v. Comlth., 32 R. 1011; Johnson v. Comlth., 197 Ky. 291; Pulliam v. Comlth., 197 Ky. 410; Thacker v. Comlth, 199 Ky. 524.

In Pulliam v. Comlth., *supra,* the appellant was tried and convicted first in the court of a justice of the peace and later in the circuit court, upon the appeal taken by him to that court, under a warrant charging him in substantially like words, with the same offense charged in the warrant against the appellant in the case at bar. In the Pulliam case, as in the instant case, the warrant failed to negative the exceptions contained in the statute; and because of such failure it was attacked by the appellant in that case, as in this, by demurrer, and the overruling of the demurrer by the trial court complained of as error. But this court refused to sustain that contention and, in so doing, substantially declared that the validity of the warrant was unaffected by its failure to negative the exceptions contained in the statute, as the appellant's unlawful possession of the intoxicating liquor in question was otherwise sufficiently charged in the warrant; and, further, that such a warrant is not to be tested by the same strict rules of pleading applicable to an indictment originating in the circuit court. As it is patent from the authorities, *supra,* that the warrant in the case at bar was not open to attack by demurrer upon the second ground urged by the appellant, it logically follows that the overruling of the demurrer by the trial court, was not error.

Our consideration of the second ground relied on by the appellant for the reversal sought of the judgment has convinced us of its lack of merit; and in order that the reasons for this conclusion may readily be understood, we here give a synopsis of the evidence introduced on the appellant's trial. That of the Commonwealth being to the effect that one Mart Boyce, its chief witness, February 1, 1924, met the appellant on the street at "Sam Saad's" corner near the Jefferson hotel in Pikeville, and there purchased of him a pint of moonshine whiskey, which the latter said he would get from where he had it stored and at once deliver to Boyce at his (Boyce's) barn, in the rear of his residence in Pikeville. The parties then separated, each taking a different direction. A few minutes later, however, they met near the barn and, upon their arrival at that building, the appellant delivered to Boyce the pint of whiskey in a glass

jar, for which the latter paid him $3.00. Boyce then concealed the whiskey under the manure in the barn, after which he and appellant again separated, each going his own way. An hour or two after secreting the whiskey in the barn Boyce removed it therefrom, drank some of it and placed the jar containing what was left of the whiskey in a trunk at his home, where it remained until early in the afternoon of the same day and was delivered by Boyce to Marvin Stratton, a deputy sheriff, at the latter's command; Stratton having just entered the house in possession of a search warrant which authorized a search of the house and premises to ascertain whether they contained any intoxicating liquor. Stratton was accompanied to Boyce's home by a *posse* consisting of John M. Johnson and Creek Bently, the latter being a United States prohibition enforcement officer. Upon delivering the whiskey to Stratton, Boyce claimed to have purchased it that day of appellant. Stratton had witnessed the meeting between Boyce and appellant on the street at the Saad corner, from which and his observation of their subsequent conduct, he suspected them of a violation or contemplated violation of the liquor prohibition statute. The appellant was arrested upon the information given by Boyce of his possession of the whiskey and its sale by him to Boyce.

The appellant, testifying in his own behalf, denied that he sold or delivered to Boyce the whiskey surrendered by the latter to Stratton and his *posse,* or that the whiskey had ever been in his possession. He admitted, however, that he met and talked with Boyce at the Saad corner in Pikeville as testified by the latter, and that he then and after their separation discovered that they were being watched by Stratton; and further admitted that he later again met Boyce and went with him to his barn, and stated that his purpose in going to the barn, was to obtain a drink of moonshine whiskey Boyce said he would there give him, but upon being handed the whiskey by Boyce after their arrival at the barn, he found it so bad, or of such poor quality, that he refused to drink it.

There was additional evidence, furnished by various witnesses claiming to be acquainted with the reputation of the appellant, and also that of Boyce, with respect to unlawfully engaging in the traffic of intoxicating liquors, all of whom testified that the reputation of each of them was bad; that is, that each is a "bootlegger," or unlawful

dealer in such liquors. This evidence was wholly uncontradicted.

The alleged incompetent evidence, the admission of which by the trial court is complained of by the appellant, was the statement of the witness Boyce that the liquor found in his possession by Stratton, deputy sheriff, had been purchased by him (Boyce) of the appellant. This contention seems to be based by the appellant's counsel on the theory that as the Commonwealth elected to try the appellant upon the charge of unlawfully having in his possession the liquor in question, proof of its sale by him, which constituted a separate offense, was inadmissible. The contention is unsound, as the sale and delivery of the liquor, if made by the appellant as testified by Boyce, was necessarily connected with and resulted from his possession of the liquor, proof of the sale conduced to prove the motive and purpose of its possession by him and to establish as no other fact could have done the unlawful character of such possession and his consequent guilt of the offense of which he was convicted. Obviously, the admission of this evidence was not error.

It is also insisted for the appellant that the trial court erred in permitting the witness Boyce to testify on his redirect examination that he too had been tried and, upon his plea of guilty, convicted of the offense of unlawfully having in his possession the liquor on the day if its purchase by him of appellant. It is argued by counsel for the Commonwealth, that as the liquor for the unlawful possession of which Boyce was convicted was the same liquor he purchased of the appellant, this evidence was competent for the purpose of fixing the date or time of its unlawful possession by the appellant; but we are unable to see its competency for that purpose. Besides there was no contrariety of evidence as to the time the appellant had the liquor in his possession, if he had it at all; the only issue of fact in respect to which there was a contrariety of evidence being as to whether he or Boyce had it in possession prior to and at the time of their arrival at the latter's barn. The evidence in question was immaterial and irrelevant and should have been excluded, but its admission by the court did not, in our opinion, prejudice the appellant in any of his substantial rights.

The appellant further complains of the refusal of the trial court to permit him to ask the witness Boyce, or the latter to answer, whether he had in his possession at

the blacksmith shop of Will Ramsey intoxicating liquor a few days before the appellant's arrest for the offense of which he was convicted in this case. There was no error in this ruling of the court, for the fact that Boyce was at the time indicated in the unlawful possession of such liquors located at Ramsey's blacksmith shop or elsewhere, had it been proved, would have had no connection with or thrown any light upon the appellant's guilt or innocence of the offense with which he was charged; and if the object of the appellant in offering this evidence was to discredit Boyce as a witness by thereby proving that he bears the reputation of being an illegal trafficker in intoxicating liquors, it was clearly incompetent for that purpose, as the reputation of a party or witness cannot be attacked by proof of isolated acts of wrongdoing on his part, however immoral or unlawful such acts may be.

The appellant's final contention that the trial court erred in instructing the jury as to the law of the case is also without merit. It is complained by his counsel that neither of the two instructions given by the court defined what constitutes the "unlawful possession of whiskey" as meant by the use of those words contained in instruction No. 1; and furthermore, that neither instruction advised the jury that if they believed from the evidence the appellant's possession of the whiskey was for a use permitted by any one of the exceptions contained in the liquor prohibition enforcement statute, such possession would, in that event, be lawful. This contention is fully answered and overruled in the following cases recently decided by this court: Smith v. Comlth., 196 Ky. 188; Ricketts v. Comlth., 197 Ky. 571; Thacker v. Comlth., 199 Ky. 521, in each of which it is distinctly declared, that while the indictment charging an offense defined by section 1, chapter 33, Acts General Assembly, 1922, must negative the exceptions contained therein, the burden is on the defendant to show that he comes within one of the exceptions. This burden is imposed by section 9 of the act, which in terms requires that the defendant shall bear the burden to the extent of proving that the intoxicating liquor was lawfully acquired by him and intended to be lawfully used as permitted by one of the exceptions found in section 1 of the act.

Although resting under the burden thus declared by the statute and enforced in the cases, *supra,* the appellant

in the case at bar did not assume it by proving or attempting to prove that his possession of the whiskey in question was lawfully acquired by him, or that its possession by him was for a lawful use as contemplated by the exceptions or some one of them contained in the statute. On the contrary he rested his defense solely upon a denial that he was ever in possession of, or sold to the Commonwealth's witness, the whiskey the latter testified he saw in his possession and purchased of him. The record shows this case to be closely akin to that of Thacker v. Comlth., *supra*, although in that case the offense charged was the unlawful sale of whiskey, while here it is its unlawful possession; and in that case we held, quoting from the syllabus which accurately expresses what is more elaborately stated in the opinion:

> "The burden is on the defendant in a prosecution for the sale of liquor under the 1922 act, to show that he made the sale or possessed the liquor for medicinal, mechanical, sacramental or scientific purposes, and it is unnecessary for the court to instruct upon the exceptions named in the statute, unless the defendant claims he made the sale or possessed the liquor for such purposes and introduces evidence in support of such claim."

Upon the issues presented, the instructions of the court properly advised the jury of the law of the case. It was unnecessary for them to define in any other terms than were therein expressed the meaning of the words "unlawful possession of whiskey;" and as there was evidence for the Commonwealth conducing to prove the appellant's possession of the whiskey, its legal effect was to place upon him the burden of showing that his possession of it was lawful, which he did not attempt to do.

The evidence was conflicting and substantially the whole of it having any material bearing on the case, furnished by two witnesses, each by reputation a "bootlegger." But it was the province of the jury to determine the appellant's guilt or innocence from the evidence as a whole; and the fact that in arriving at a verdict it accepted the testimony of the Commonwealth's witness, Boyce, instead of that of the appellant, affords this court no legal grounds for disturbing the verdict. Wherefore the judgment is affirmed.