## Derefield v. Commonwealth.

(Decided December 16, 1924.)

## Appeal from Boyd Circuit Court.

1. Intoxicating Liquors—Reputation for Violations of Prohibition Act May Not be Established by Proof of Isolated Acts; Testimony Held. Incompetent.—Proof of defendant's reputation for violations of liquor laws, though admissible, cannot be made by proof of isolated acts, and testimony that witness had heard that defendant on some occasions drank liquor is incompetent.

2. Intoxicating Liquors—Instructions as to Possession for Lawful Purpose, where Possession Absolutely Denied, Improper and Misleading.—In prosecution, where possession was absolutely denied, instruction as to possession for lawful purpose and burden to establish such fact was improper and misleading.

J. B. ADAMSON for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

Appellant was convicted of having spirituous liquor in his possession and on this appeal complains of the admission of incompetent evidence and the giving of erroneous instructions.

The prosecuting witness, Jesse May Adkins, testified that the defendant and Charlie Hugonutt took her driving in a Ford machine. The defendant did the driving and she and Hugonutt rode on the back seat; that defendant stopped the car at the residence of Jason Fannin and had a conversation with Fannin which she heard; that thereupon Fannin went in the house and got a pint of whiskey and gave it to Derefield; that when Derefield came back he had the pint of whiskey, and each of the occupants of the car drank from it.

The appellant and Hugonutt both deny every statement made by the girl except as to the machine ride, and deny that either had any liquor at all on that occasion. Appellant also introduced in his behalf a witness who testified that the reputation of the prosecuting witness for virtue and morals was bad, and that she was not entitled to credit on oath. On cross-examination he was

permitted to say. ''I know the defendant . . . I have further heard that he upon some occasions drank liquor.'' Proper objections and exceptions were taken.

While evidence of defendant's reputation in reference to a violation of the liquor laws is admissible, such reputation may not be established by proof of isolated acts of wrongdoing or by proof that he sometimes drank intoxicating liquor, or that witness had so heard, hence this evidence was clearly incompetent. Vanover v. Commonwealth, 202 Ky. 813; Barnes v. Commonwealth, 179 Ky. 725; Saylor v. Commonwealth, 97 Ky. 184.

In addition to the regular instructions the court gave the following:

''The jury are further instructed that it was unlawful at all times since March 22, 1922, for any person in this state to have, or to keep in his or her possession any spirituous liquor, except for sacramental, medicinal, scientific or merchanical purposes, and procured for such use or purpose by the prescription of a regular practicing physician, or by the permit or under the authority of the laws of the United States of America, by its authorized agent or officer and the burden of proving any such prescription permit or authority in this case rests upon the defendant in the event he admits having the possession of the liquor in question and claims to have had such possession by reason of any such prescription, permit or authority.''

While perhaps correct as an abstract proposition of law, in cases where a defendant admits the possession of intoxicating liquor and relies on justification as a defense; such instruction is confusing in a case like this where the defense is a denial of possession or of the presence of any liquor on the occasion in question.

The jury may have accepted it as an assumption upon the part of the court that the defendant had the liquor in his possession at the time, notwithstanding there was an issue of fact on that question. In this view of the case, both the evidence and the instruction were prejudicial.

Wherefore, judgment is reversed and cause remanded for proceedings consistent with this opinion.