### Hampton v. Commonwealth.

(Decided October 2, 1925).

Appeal from Harlan Circuit Court.

Intoxicating Liquors—Warrant Need Not Negative Exception in Statute.—A warrant charging the unlawful possession of intoxicating liquors need not negative the excepion contained in the statute defining the offense.

JOHNSON, LYTTLE & MORGAN for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHARLES F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

The appellant, Joe Hampton, was tried in the Harlan police court under a warrant issued by the judge thereof, which charged him with the offense of unlawfully having in his possession intoxicating liquor.    His trial resulted in a verdict of the jury finding him guilty, and fixing his punishment at a fine of $300.00 and imprisonment of sixty days in jail. He prosecuted an appeal from the judgment entered upon that verdict to the Harlan circuit court, and upon his trial in the latter court, was by verdict of a jury again found guilty and his punishment fixed at a fine of $300.00 and imprisonment of sixty days in jail; and from the judgment entered upon that verdict he has appealed to this court.

The only evidence introduced by the Commonwealth on the appellant's trial was furnished by the testimony of Pearl Noe, chief of police of the city of Harlan, who testified that, armed with a search warrant, he went to the appellant's home and upon searching the premises there discovered and seized 150 quarts of Scotch whiskey. The appellant did not himself testify, nor was there any evidence introduced in his behalf.

The ground chiefly relied on by the appellant in his motion for a new trial overruled by the circuit court, and now alone urged for the reversal of the judgment of that

court, is that the warrant under which his conviction resulted was fatally defective, in that it failed to negative the exceptions contained in the statute under which it was issued, the existence of any one of which would have made his possession of the whiskey lawful.

This contention cannot prevail, for this court has repeatedly held that while such exceptions must be negatived in an indictment, it is not necessary in a warrant, which need not charge a public offense with the same particularity required in an indictment. Vanover v. Commonwealth, 202 Ky. 813; Dials v. Commonwealth, 192 Ky. 440; Lovelace v. Commonwealth, 193 Ky. 426; Rickman v. Commonwealth, 195 Ky. 715; Elrod v. Commonwealth, 196 Ky. 60; Shepard v. Commonwealth, 197 Ky. 281.

Judgment affirmed.