### Partin v. Commonwealth.

(Decided June 18, 1926.)

#### Appeal from Bell Circuit Court.

1. Intoxicating Liquors.—Warrant in police court for selling intoxicating liquor for use as beverage held not demurrable, where it was sufficient to inform defendant of nature and character of charge.

2. Criminal Law.—Sufficiency of warrant in police court is not to be tested by same strict rules of pleading by which indictment is measured.

3. Intoxicating Liquors.—Whether defendant: sold Jamaica ginger and under circumstances from which he might deduce that pur- chaser intended to use it as beverage held for jury.

E. N. INGRAM and M. G. COLSON for appellant. ·

FRANK E. DAUGHERTY, Attorney General, MARTIN T. KELLY and E. B. WILSON for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The appellant was tried and convicted in the police court of Pineville under a warrant charging him with the offense of "unlawfully selling to Tom Brackett intoxicating liquor, to-wit: Jamaica ginger, knowing the same to be used for beverage purposes, and under circumstances whereby he should have known would be so used." From the judgment of the police court he prosecuted an appeal to the circuit court and at his trial there the jury found him guilty and fixed his punishment at a fine of $300.00 and confinement in the county jail for sixty days.

Appellant complains that the lower court erred in overruling (1) his demurrer to the warrant, (2) his motion for a peremptory instruction at the conclusion of all the testimony offered by the Commonwealth.

The warrant was sufficient to inform appellant of the nature and character of the charge against him, and we have repeatedly held that the sufficiency of a warrant is not to be tested by the same strict rules of pleading by which an indictment is measured. Patrick v. Commonwealth, 199 Ky. 83, 250 S. W. 507; Mullins v. Commonwealth, 208 Ky. 54, 270 S. W. 489.

The witness, Tom Brackett, testified that he had known appellant for two or three years and that on the day referred to he went to appellant's home and said to him, "Grant, I am sick and would like to take some ginger, and asked him if he knew where any was, and he said, 'I don't know a thing.' " Brackett then asked for a drink of water and appellant stepped to the door and said, "Go to the hydrant, you can get some," the hydrant being in the kitchen.· Brackett stated that after getting a drink of water he "looked around on the table and there set some stuff and looked like jake and I laid $1.50 on the table and went on out." Brackett drank about one-half of the contents of the bottle and being asked what effect it had on him, said, "It made me feel a little bit good,

you know; didn't make me anything like drunk but put a different feeling on me."

The Commonwealth introduced three witnesses, including a deputy sheriff of the county and the chief of police of Pineville, all of whom testified that the general reputation of appellant in the community in which he lives, with respect to the illicit sale of Jamaica ginger for beverage purposes, was bad.

The appellant admitted the conversation took place as detailed by the witness, Brackett, but he denied making the sale.

The evidence strongly tends to prove that the whole transaction, so far as appellant is concerned, was a mere device or subterfuge.

Taking the testimony of Brackett and the uncontradicted evidence of the appellant's reputation for engaging in the illicit sale of Jamaica ginger, it was for the jury to say whether or not appellant made the sale and, if so, whether or not it was made under circumstances from which appellant might reasonably deduce the intention of the purchaser to use the same for beverage purpose. Cravens v. Commonwealth, 205 Ky. 738, 266 S. W. 625.

It follows that the appellant was not entitled to a directed verdict of acquittal.

Judgment affirmed.