## Morris v. Commonwealth.

(Decided May 1, 1928.)

### Appeal from Boyd Circuit Court.

1. Intoxicating Liquors.—Where defendant admitted possessing intoxicating liquor and attempted to justify on ground that alcohol was lawfully acquired and used for medicinal purposes, it was prejudicial error for court not to instruct on exceptions of possessing liquor for sacramental, medicinal, scientific, or mechanical purposes.

2. Intoxicating Liquors.—In prosecution for possessing intoxicating liquor in which defendant claimed he was using liquor for medicinal purposes, defendant's guilt held for jury.

J. W. McKENZIE for appellant.

JAMES W. CAMMACK, Attorney General, and SAMUEL B. KIRBY, JR., Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Reversing.

Ed Morris was convicted of possessing intoxicating liquor, and has prayed an appeal.

The officers, who entered his premises under a search warrant, found a jar in the kitchen sink, and also a towel saturated with liquor. They further testified that the liquor smelled like moonshine whisky, and not like alcohol. On the other hand, Morris testified that he was suffering from eczema, and that the liquid in the jar was a preparation of alcohol, which he had obtained on a physician's certificate for the purpose of bathing his feet.

The principal error relied on is that the court omitted from the instruction the words, "and not for sacramental, medicinal, scientific, or mechanical purposes." It is true that, where the defendant denies possession, a failure to instruct on the exceptions is not error. Thacker v. Commonwealth, 199 Ky. 521, 251 S. W. 943. In this case, however, the defendant admitted the possession, and attempted to justify on the ground that the alcohol was lawfully acquired and used for medicinal purposes. In these circumstances, it was prejudicial error for the court not to instruct on the exceptions.

On the return of the case the warrant may be amended.

The evidence, we think, was sufficient to take the case to the jury. We find no other error in the record.

Wherefore the appeal is granted, the judgment reversed, and cause remanded for a new trial consistent with this opinion.