## Cockrell et al. v. Commonwealth.

June 3, 1947.

R. C. Littleton, Judge.

Napier & Napier for appellants.

Eldon S. Dummit, Attorney General, and H. K. Spear, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

Under Indictment 5072 John and Edd Cockrell were charged with the crime of stealing a cow which belonged to Jim Finch. The evidence is set out in narrative form. The Commonwealth sought to prove that the appellants stole a cow from Jim Finch and also one from George Finch. According to the bill of exceptions submitted by the appellants, incompetent evidence was admitted over their objections. The court refused to approve their bill, however, but did approve one offered by the Commonwealth. The latter bill does not show that objections were made to the incompetent evidence. Little or no competent evidence was admitted relative to the value of the cows. The instructions incorporated in the record relate only to the taking of a cow belonging to George Finch. George Finch testified that both cows were stolen, but Jim Finch did did not testify.

Numerous grounds are urged for reversal, the first being that there was a fatal variance between the indictment and the instructions. Since we think this contention is well grounded, we shall confine our consideration of the case to that point.

It is elementary that the instructions in a criminal case should follow the indictment, and that a conviction can be had only for the offense named. Stanley's Instructions to Juries, Section 767; Lovelace v. Commonwealth, 193 Ky. 425, 236 S. W. 567. We are not dealing with a situation where there was a mere misuse of given names, but, rather where the accused were charged with taking the property of one person and where the jury was instructed to find them guilty if they believed they took the property of another person. Furthermore, the Commonwealth sought to prove that the property of both parties was taken. Under the circumstances, we think there was a fatal variance between the indictment and the instructions.

Judgment reversed, with directions to set it aside, and for proceedings consistent with this opinion.