### Commonwealth v. Robinson-Pettet Company, Incorporated.

#### (Decided October 22, 1918.)

### Appeal from Crittenden Circuit Court.

1.  Intoxicating Liquors—Instructions.—Upon the trial of an indictment for a violation of subsection 2 of section 2569b, Kentucky Statutes, it was proper for the court, in instructing the jury, to cover shipments for the entire year when the Commonwealth introduced evidence of all such shipments and failed to elect to prosecute for any particular shipment.

2.  Intoxicating Liquors—Instructions.—The question as to whether or not the false statement that the liquor of a particular shipment was for medicinal purposes was knowingly made, was a question of fact for the jury upon consideration of all evidence and circumstances, and it was not proper that a part of the evidence should be given special prominence in an instruction from the court.

3. Intoxicating Liquors—Appeal and Error.—The jury, upon the evidence, were authorized to find defendant guilty or not guilty, and this court would not be authorized in disturbing the verdict of the jury upon the ground that it is contrary to law and not supported by the evidence.

4. Intoxicating Liquors—Appeal and Error—New Trial.—A reversal not being authorized, it is not necessary to decide whether or not a new trial would have been authorized had there been a reversal.

( CHARLES FERGUSON, Commonwealth's Attorney, Fourth District, and CHARLES H. MORRIS, Attorney General, for appellant.

J. W. BLUE for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

The appellee, Robinson-Pettet Company, was charged by indictment with a violation of sub-section 2 of section 2569b, Kentucky Statutes, by endorsing a shipment of whiskey to R. F. Haynes, at Marion, Kentucky, "for medicinal purposes," knowing that the endorsement was false. The trial resulted in the acquittal of the defendant, and the Commonwealth has appealed. The grounds relied upon for reversal are: first, that the court failed to properly instruct the jury; and, second, that the verdict is contrary to law and not sustained by the evidence.

The Commonwealth first introduced the agent of the railroad company, and by him proved that during the year next preceding the date of indictment the defendant had shipped to R. F. Haynes, a retail druggist, at Marion, Kentucky, some seven or eight packages containing drugs and whiskey, and that each package was endorsed "for medical purposes." The Commonwealth then introduced the consignee, R. F. Haynes, who testified that he was a retail druggist and that he had ordered the several shipments of drugs and liquor from the defendant, who is a wholesale druggist at Louisville; that he had not directed the defendant to mark any of these shipments "for medical purposes;" that he had used a part of the whiskey shipped to him by the defendant for medicinal purposes, but that he had sold a part of it in violation of the local option law, which, it was agreed, was in force in Crittenden county and in Marion. He stated, however, that in ordering at least a part of the liquor from the traveling salesman of the defendant, he had explained to him that the liquor, or a part of it at least, was being used by him for medicinal purposes.

The defendant introduced its vice-president, who testified that R. F. Haynes was a retail druggist, and as such had ordered the liquor as a part of orders for drugs, and that in making the shipments to him they were endorsed "for medical purposes" in the belief that the liquor was ordered for and was to be devoted by the consignee to that purpose.

This was all of the evidence introduced, and the court having overruled a motion of the defendant for a peremptory instruction, gave to the jury these instructions:

One. "The court instructs the jury that if you believe, from the evidence in this case beyond a reasonable doubt, that the defendant, Robinson-Pettet Company, in this county, and within one year next before the finding of the indictment herein, did knowingly consign and ship a package containing spirituous, vinous and malt liquors, to-wit, whiskey, by freight or railroad transportation in territory where the local option law was in effect at the time, and there appeared on the outside of said package the statement that said liquors were for medical purposes and that said statement on the outside of said package was untrue and that statement was known by said Robinson-Pettet Company to be false, then the jury will find the defendant guilty and fix his punishment by a fine of not less than fifty dollars nor more than two hundred dollars in your discretion.

Two. "If the jury have a reasonable doubt of the defendant having been proven guilty you will find it not guilty.

Three. "The court further instructs the jury that in determining whether the defendant knew that the statement on the outside of said package that 'the liquors were for medical purposes' was or not false, you may consider the facts that the orders for said liquors did not state that they were for medical purposes, if they did not so state; and the frequency and quantities of liquors shipped by defendant to R. F. Haynes and the firm of Haynes & Taylor."

1. The first objection urged by the Commonwealth is that the court erred in instruction No. 1, in submitting to the jury the question of the defendant's guilt upon all of the evidence of shipments within one year before the finding of the indictment, and that the court should have

limited the jury to the consideration of defendant's guilt in the shipment of November 6, 1917, which was the date fixed in the indictment.

As has been shown above, the Commonwealth in introducing the evidence upon which it sought a conviction included all of the shipments that the defendant had made to Haynes within a year next preceding the date of the indictment, and did not make an election as it might have done to confine the trial to the evidence of the shipment upon the date named in the indictment; and not having so elected, it was proper for the court, in instructing the jury, to base the instruction upon all of the evidence introduced by the Commonwealth which warranted a conviction; and that the court so framed its instruction was the result of the manner in which the Commonwealth introduced its evidence.

It has frequently been held by this court that in a prosecution of this character the Commonwealth has the right to confine itself to any particular offense of the defendant within the year preceding the date of the indictment, or it may, if it so desires, cover the whole year; and, if upon the whole evidence, guilt is established, a conviction may be had without reference to which particular act the jury may believe was done in violation of law.    In Adams Express Company v. Commonwealth, 174 Ky. 296, we said:

"It will be noticed that the evidence for the Commonwealth covered the entire year preceding the finding of the indictment.    The attorney for the Commonwealth did not elect, as he might have done, to confine the evidence to a single transaction, but saw proper, as he had the right to do, to inquire as to all shipments of liquor to Jones during the year preceding the time of the finding of the indictment.    And when the Commonwealth elects to do this on the trial of an indictment, a judgment of conviction or acquittal will bar pending or subsequent prosecutions, for a like offense that may have occurred during the year.    The Commonwealth may also, if it chooses, single out one or more of any number of like offenses committed during the year, and if in the examination of the witnesses the evidence is confined to the specific act or acts and the instructions of the court limit the jury to their consideration, a judgment of acquittal or conviction will not be a bar to other pending

or subsequent prosecutions for like violations during the year."

To the same effect are Shirley v. Commonwealth, 143 Ky. 183; Cawein v. Commonwealth, 110 Ky. 273; Chesapeake & Ohio R. R. Co. v. Commonwealth, 88 Ky. 368. It is insisted, however, for the Commonwealth that even though a conviction was sought for only one of the several offenses committed during the year, evidence of other such shipments was competent for the purpose of proving by the frequency and quantities of the shipments a guilty knowledge upon the part of the defendant that the shipments were not for medicinal purposes, and that this manner of proving knowledge upon the part of the defendant has frequently been approved by this court. This is all true, and even though the Commonwealth sought a conviction for only a single specified shipment, evidence of other shipments would be competent for the purpose of proving guilty knowledge upon the part of the defendant as to the falsity of the endorsement upon the specified shipment; but when such is the purpose of the introduction of evidence of other shipments, it must be indicated by the Commonwealth at the time of the introduction of such evidence, and it will not do for the Commonwealth to introduce evidence of all shipments within the year without any indication of the purpose for which such evidence is introduced and without limiting that part of it which is introduced for the purpose of proving knowledge with reference to a particular shipment for which a conviction is sought, because, when the evidence is introduced, as it was in this case, it is fair to presume that the Commonwealth in introducing evidence of all the shipments within a year preceding the indictment is introducing such evidence as substantive evidence, and both the court and the defendant under such circumstances have the right to assume, as was done in the trial of this case, that the Commonwealth is exercising its right to ignore the date specified in the indictment and is covering the whole year preceding the date of the indictment. Not only is this true, but in the case at bar, unless the Commonwealth were permitted to cover the entire year, it did not make out a case entitling it to go to the jury at all, because it is shown in the evidence only that some of the liquor received by Haynes from the defendant through-

out the entire year, and not any particular shipment, was sold in violation of the local option law; and there is no evidence whatever that any part of the shipment of November 6, 1917, was used for other than medicinal purposes; and there was, therefore, no evidence to show that the endorsement upon that particular shipment, that the liquor contained therein was for medicinal purposes, was false. It, therefore, results that the court was compelled, in submitting the case to the jury, to cover shipments for the entire year, not alone by the failure of the Commonwealth to elect to prosecute for any particular shipment, but also because of the fact that only when the whole year was covered was there sufficient evidence of the defendant's guilt to take the case to the jury.

2. The next objection is to instruction No. 3, and it is insisted by the Commonwealth, upon the authority of what this court said in sustaining the judgment in the case of Goodman v. Commonwealth, 169 Ky. 542, that instead of this instruction the court should have instructed the jury to find the defendant guilty if they believed from the evidence that the endorsement on the shipment to Haynes was false, and that the endorsement was placed thereon by the defendant without directions so to do from Haynes.

It is true that this court in the Goodman case, in considering whether or not there was sufficient evidence to warrant the conviction of Goodman, said that when an endorsement was made upon a shipment of liquor it was for the personal use of the consignee, and without such directions from the consignee, the consignor made the endorsement at his peril and might be convicted of having knowingly made the false statement if it turned out that the statement was false; and this statement, of course, was true and was warranted when made, as it was made, in considering the effect of the evidence with reference to whether or not it was sufficient to warrant a conviction; but the court was not, in that case, considering the question of instructions to the jury, and the statement made therein with reference to the force and value of evidence as proving the defendant's guilt is not authority for covering such evidence by an instruction and thereby calling special attention to that particular evidence. It is never proper in an instruction to give special prominence to particular evidence, and this court

has frequently disapproved instructions which pointed out and gave prominence to particular evidence.

Instruction No. 3 given by the court was all that plaintiff was entitled to, and it was not entitled to an instruction such as counsel insists should have been given because such an instruction would have been in effect a peremptory instruction to convict the defendant without reference to the facts proven by the evidence that the liquors were ordered in the ordinary course of business and in connection with other drugs by a retail druggist of good standing, who had never been convicted or suspected of violation of the local option law, and that Haynes had explained to the traveling salesman of the defendant that some of the whiskey at least was being used for medicinal purposes. Under such circumstances the question as to whether or not the defendant made the endorsements upon the several shipments, or any one of them, with the knowledge that such statements were false, was a question of fact for the jury upon consideration of all of the evidence and circumstances connected therewith, and this question of fact was properly submitted to the jury without suggestion from the court as to what effect should be given by the jury to any particular part of the evidence.

3. What we have heretofore said makes it clear that the jury were properly instructed as to the law of the case, and upon the evidence would have been authorized to find the defendant either guilty or not guilty; and that being true, it is apparent that we would not be authorized in disturbing the verdict of the jury either upon the ground that it is contrary to law or is not supported by the evidence.

4. We are asked by counsel for the Commonwealth to decide that, since the offense charged is a misdemeanor and the defendant is a corporation, and, therefore, the imprisonment provided for such offenses could not be inflicted against it, in the event of a reversal a new trial could be had; but since we have reached the conclusion that a reversal is not authorized, it is not necessary for us to decide whether or not a new trial would have been authorized had there been a reversal, and we shall not, therefore, at this time consider that question.

For the reasons indicated the judgment is affirmed.