# Webb v. Commonwealth.

(Decided October 23, 1925.)

## Appeal from Letcher Circuit Court.

1. **Intoxicating Liquors—Warrant, Charging Defendant of Offense of Possessing Liquor, Held Insufficient.**—A warrant, required by Criminal Code of Practice, section 27, to name or describe generally the offense charged, which simply charged defendant of offense of possessing liquor was insufficient as not naming any offense, since possession of liquor may not be unlawful under Ky. Stats., section 2554a1.

2. **Intoxicating Liquor—Indictment Must Negative Exceptions Contained in Prohibition Statutes, while a Warrant Need Not do so.**—An Indictment, required under Criminal Code of Practice, section 124, to state facts constituting offense, must negative exceptions contained in prohibition statute, whereas a warrant required by section 27 to name offense in general terms, need not do so.

R. MONROE FIELDS for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLARKE—
Reversing.

The warrant upon which appellant was tried and convicted of unlawfully possessing intoxicating liquor, simply accuses him of "the offense of possessing whiskey," and neither alleges the possession was "unlawful" nor denies it was for a purpose permitted by the prohibition statute (section 2554a-1).

Section 27 of the Criminal Code requires that a warrant of arrest "shall, in general terms, name or describe the offense charged to have been committed." That this warrant neither names nor describes the offense is clear, since the possession of whiskey may or not be unlawful.

Vanover v. Commonwealth, 202 Ky. 813, 216 S. W. 604, and like cases relied upon by the Commonwealth, very clearly do not sustain such a warrant as this, since they only hold that it is not necessary in a warrant, as in an indictment, to negative the exceptions in the statute. None of them holds that it is not necessary to charge an unlawful possession, and in every one of them, so far as we can find, such was the charge,

The reason that an indictment must and a warrant need not negative the exceptions contained in the prohi-

bition statute is because the Code (section 124) requires the former to state the facts constituting the offense, whereas the latter (section 27) need only name or describe the offense in general terms, but this, at least, it must do.

As this warrant neither names nor describes an offense in general terms or at all, it is clear the trial court erred in overruling the demurrer thereto.

It also is insisted that the verdict is flagrantly against the evidence, but to this we cannot agree.

Wherefore, the judgment is reversed, and the cause remanded for proceedings not inconsistent herewith.