## Lefler v. Commonwealth.

(Decided October 22, 1926.)

### Appeal from Boyd Circuit Court.

1. Criminal Law.—Whether testimony of witnesses for state or defendant was to be believed is for jury.

2. Intoxicating Liquors.—Conviction of possession of liquor held not flagrantly against evidence.

3. Intoxicating Liquors.—Warrant for possession of moonshine liquor, failing to charge that possession was unlawful, is fatally defective, since possession of moonshine may sometimes be lawful, under Kentucky Statutes, Supp. 1924, section 2554a-12.

4. Indictment and Information.—Warrant charging continuing offense of possession of liquor is not demurrable for duplicity as charging more than one offense.

5. Criminal Law—Permitting Jury to Convict on Any One of a Series of Offenses of Possession of Liquor Held Not Error, where Evidence of Offenses was Not Objected to.—Where defendant, charged with possession of liquor, did not object to introduction of evidence establishing a series of different offenses, court did not err in not confining jury to consideration of first offense shown and

in submitting to jury question of possession of liquor at any time within 12 months before issuance of warrant.

6. Intoxicating Liquors.—In prosecution for possession of liquor, under Kentucky Statutes, Supp. 1924, section 2554a-1, omission of word "unlawful" from instruction submitting question of possession held prejudicial error as failing to submit legality of possession to jury.

7. Intoxicating Liquors.—Kentucky Statutes, Supp. 1924, section 2554a-9, putting burden on accused to show that his possession of liquor was lawful, establishes a prima facie presumption on which Commonwealth may rely in establishing offense of unlawful possession of liquor under section 2554a-1.

8. Intoxicating Liquors.—Under plea of not guilty to charge of unlawful possession of liquor, court must submit to jury question of defendant's guilt, though facts are undisputed as to character of possession.

9. Criminal Law.—Jury may believe all of Commonwealth's evidence or all of defendant's evidence, or part of both.

10. Intoxicating Liquors.—Possession by peace officer of liquor to be used in prosecution for violation of prohibition laws, under Kentucky Statutes, Supp. 1924, section 2554a-12, is not unlawful.

J. B. ADAMSON for appellant.

FRANK E. DAUGHERTY, Attorney General, and G. D. LITSEY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

The appellant was convicted, both in the police court of Catlettsburg and in the Boyd circuit court on appeal, of the offense of unlawfully possessing liquor. From the latter judgment he brings this appeal.

During the year 1925, and for some years prior thereto, appellant was a justice of the peace of Boyd county, and, as such, had been quite active in connection with J. M. Biliter, then a federal prohibition agent, but now the county tax commissioner of Pike county, in ferreting out and arresting violators of the state and national prohibition laws. Biliter at this time lodged with the prosecuting witness, Flora Mann, whose reputation is thoroughly attacked in this record. She was a woman 40 years old, with a daughter sixteen and a son twenty-one years old. In the summer of 1925 she filed suit against Biliter, charging that he had represented himself to her as a single man, had won her affections, and under the promise of marriage had seduced her, but she had discovered that he was a married man and unable to

carry out his promise of marriage, and that by reason of all of these facts she had been damaged in the sum of $25,000.00, judgment for which she sought. The appellant was Biliter's friend and for some reason or other, in October, 1925, a short while after this suit was brought, Flora Mann swore out the warrant on which this prosecution was based in the Catlettsburg police court against appellant, charging him with the offense "of having liquor in his possession" in the preceding January and February. On the trial, the Commonwealth proved by Mrs. Mann and her daughter that the appellant brought in a grip to Biliter's room on different occasions in January and February, 1925, whiskey which, they testified, Biliter afterwards used in drinking parties. They admit, however, and the record shows without contradiction, that no one had ever seen the appellant take a drink or take any part in these parties. The appellant, Biliter, and Mrs. Mann's son testified that appellant never brought any whiskey to Biliter's room at any time. Appellant admitted that he brought a grip to Biliter's room, but said that it was the grip he had borrowed from Biliter with which to take a trip. Appellant insists that the verdict is flagrantly against the evidence, his argument being that the Commonwealth's proof is incredible because for the appellant to carry whiskey to Biliter, a federal prohibition agent, would be like carrying coals to Newcastle. However that may be, coal is sometimes taken to Newcastle, if Newcastle be on a strike. It was for the jury to say whether or not they believed the tale of Flora Mann and her daughter, or the testimony of the appellant and his witnesses, and the verdict found in accordance with the Commonwealth's side of the evidence is not flagrantly against the same. Deaton v. Commonwealth, 211 Ky. 651, 277 S. W. 1001.

Appellant next contends that his demurrer to the warrant should have been sustained, first, because it failed to charge him with the "unlawful" possession of intoxicating liquors; and, secondly, because it charged him with more than one possession, and hence more than one offense. In the case of Webb v. Commonwealth, 210 Ky. 717, 276 S. W. 812, we held that a warrant which simply charged the offense of "possession of whiskey" was insufficient for lack of the word "unlawful." We there pointed out that whiskey might, under some circumstances, be lawfully possessed; that the Criminal Code

requires a warrant to describe the offense charged; that the offense created by statute was "unlawful possession," and that for these reasons the omission of the word "unlawful" rendered the warrant fatally defective. The Commonwealth argues, however, that the warrant here charged the possession of "moonshine whiskey" and that as the possession of moonshine whiskey could never be lawful, such a charge in effect is a charge of "unlawful possession" of intoxicating liquors. The answer to this, however, is that the possession, even of moonshine whiskey, may be lawful under some circumstances, as where an arresting officer takes charge of it for the purpose of holding it as evidence in connection with a prosecution for a violation of the prohibition law. Kentucky Statutes, section 2554a-12. In this case the appellant was one who might, under some circumstances, be in possession even of "moonshine whiskey" lawfully, as where it had been deposited with him to hold as evidence in prosecutions for violation of the prohibition laws pending in his court. It follows, therefore, that, under the Webb case, the warrant was defective and the demurrer to it should have been sustained.

So far as the other ground in support of the demurrer is concerned, the Commonwealth is probably correct in its contention that this warrant charges a continuing offense rather than a series of offenses, and hence was not demurrable on the ground of duplicity. It is true that when the proof of the Commonwealth was introduced it failed to establish a continuing offense. On the contrary, it established a series of different offenses committed in the months of January and February, 1925. Appellant did not object to the introduction of any of this evidence. Hence the court did not err, as appellant contends it did, in not confining the jury to a consideration of the first offense shown by the Commonwealth and in submitting to the jury whether or not appellant had any intoxicating liquor in his possession at any time within 12 months before the warrant was issued, thus permitting the jury to choose for a conviction any of the offenses proved by the Commonwealth. In Adams Express Co. v. Commonwealth, 174 Ky. 296, 192 S. W. 56, it was held that in a prosecution for a violation of the then local option law, the Commonwealth could inquire as to all shipments of liquor to the consignee during the year preceding the finding of the indictment, and a judg-

ment of conviction or acquittal would bar pending or subsequent prosecutions for all offenses which might have occurred during that period, though the Commonwealth might elect to rely on a single transaction, in which case the judgment would be a bar only to a subsequent prosecution for that transaction.   To the same effect is Commonwealth v. Robinson-Pettet Co., 181 Ky. 702, 205 S. W. 774.   The case of Jackson v. Commonwealth, 198 Ky. 149, 248 S. W. 242, and kindred cases relied upon by appellant, and in which we held that the Commonwealth should be confined to the offense concerning which evidence is first introduced, disclose that the accused objected to the introduction of evidence as to these other offenses, and hence worked the necessity of an election on the part of the Commonwealth even as a demurrer to an indictment, defective on account of duplicity, will require such election.   But, as stated, appellant did not object here and hence the case is controlled by the Adams Express Company and the Robinson-Pettet cases *supra.*

It is lastly contended that the instructions are erroneous because of the omission of the word "unlawful" from the instruction submitting the question of the possession of the intoxicating liquor.   In support of the instruction as given, the Commonwealth relies on the cases of Vanover v. Commonwealth, 202 Ky. 813, 261 S. W. 604, and Thacker v. Commonwealth, 199 Ky. 521, 251 S. W. 943.   In the former case, the instruction did contain the word "unlawful" but did not define it, and we held that it was unnecessary so to do.   The latter case holds that it is unnecessary to instruct on the exceptions in the statute with regard to scientific, medicinal, mechanical or sacramental purposes unless the accused makes an issue on such exceptions.   Neither case is in point.   Section 2554a-1 of the statutes defines the offense for which appellant was here tried as "unlawful possession."   It is true that section 2554a-9 of those statutes puts the burden on the accused to show that what possession he has is a lawful one.   But this section does not change or alter the offense created and defined by section 2554a-1.   It simply establishes certain presumptions on which the Commonwealth may rely in establishing the commission of the offense created and defined by the earlier section. But, it is urged, if this be true and the burden be on the accused to show his possession lawful, then, in the absence of such showing, there is nothing to submit on

this issue to the jury. The fallacy in this position lies in the fact that the offense created is not "possession unless proved lawful" but is "unlawful possession," to establish which the Commonwealth is entitled, under certain circumstances, to certain *prima facie* though not conclusive presumptions. We have held in a long line of authorities, among which are Lucas v. Commonwealth, 118 Ky. 818, 82 S. W. 440, and Wells v. Commonwealth, 195 Ky. 754, 243 S. W. 1032, that even though the facts be undisputed, on a plea of not guilty the Commonwealth is never entitled to a peremptory instruction. The question of the guilt or innocence of the accused of the offense charged must still be submitted to the jury on the theory that the presumption of his innocence is sufficient to take the case to the jury. Therefore, although the facts are undisputed about the character of the possession, yet, under the plea of not guilty, the court must submit to the jury the question of appellant's guilt of the offense for which he is being tried and that was in this case "unlawful possession."

Further, it is in the province of the jury to believe all of the Commonwealth's evidence or all of the defendant's evidence or part of both. It is its duty to try to reconcile all the evidence. In this case, it disbelieved, as its verdict shows, appellant's evidence to the effect that he did not possess liquor. And yet it may have believed that he had come by such liquor in raids and had it in his possession as an officer, especially in view of the evidence that appellant was never seen at the drinking parties of Biliter and was never seen to take a drink himself. Under the instructions of the court, if the jury believed appellant had the liquor in his possession, it had to find him guilty. If he had it in his possession, as a peace officer, to be used in any prosecution in court for violation of the prohibition laws, such possession was not illegal. Kentucky Statutes, section 2554a-12. But the legality of his possession was not submitted, and, for this reason too, the omission of the word "unlawful" in the instruction objected to was prejudicial.

Therefore, for the reasons herein stated, the judgment herein is reversed. On the return of this case to the circuit court the Commonwealth will be permitted, if it so desires, to amend the warrant, and the circuit court will conduct the new trial in accordance with this opinion.