## Lee v. Cmmonwealth.

(Decided January 11, 1927.)

## Appeal from Franklin Circuit Court.

1. Criminal Law—New Trial of Charge of Manslaughter Held Not Premature, Though Held in Same Term in which Mandate of Reversal was Filed.—In prosecution for manslaughter, where mandate of reversal was filed in open court first day of succeeding term and case was docketed and assigned for trial in same term and was so tried, such trial was not premature, defendant being out on bail, under Acts 1924, c. 44, and having three weeks in which to prepare his case after securing knowledge of reversal.

2. Criminal Law—Discretion of Trial Court as to Whether Defendant has had Reasonable Opportunity to Prepare Case After Reversal Will be Upheld, Unless Abused.—Defendant is entitled to reasonable opportunity to prepare and present his case after reversal, time necessary being addresssed to sound discretion of trial court, which discretion, unless abused, will be upheld.

3. Criminal Law—Overruling Motion to Discharge Jury for Bias Held Not Error, in View of Jurors' Denials and Affiants' Impeachment.—In prosecution for manslaughter, overruling motion to set aside swearing of jury and to discharge panel because of remarks of some of jurors showing extreme bias held not error, in view of positive denials of remarks by jurors and of impeachment of parties making affidavits as to remarks.

4. Criminal Law—Question as to Instruction About Aiding and Abetting, Covered by Former Appeal, Could Not be Considered on Subsequent Retrial.—In prosecution for manslaughter, complaint as to giving of instruction concerning aiding and abetting could not be considered, question as to correctness of such action having been covered by former appeal.

5. Criminal Law—Question as to Giving of Self-Defense Instruction Cannot be Considered on Subsequent Retrial, Where Determined by Former Appeal.—In prosecution for manslaughter, on appeal, court held precluded from further consideration of giving of instruction as to self-defense, matter having been determined on former appeal.

6. Criminal Law—Prosecutor's Reference to Fact that Certain Witnesses Present were Not Permitted to Contradict Defendant's Testimony, if Error, Held Harmless.—In prosecution for manslaughter, reference of prosecutor to fact that certain witnesses present were not permitted to contradict defendant's testimony, if error, held harmless.

POLK SOUTH, JR., GUY H. BRIGGS, JAMES H. POLSGROVE and JOHN K. TODD for appellant.

FRANK E. DAUGHERTY, Attorney General, and G. D. LITSEY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—
Affirming.

On a former appeal of this case a judgment of conviction for manslaughter was reversed on account of erroneous instructions. Lee v. Com., 210 Ky. 410. On a second trial upon substantially the same evidence defendant was again convicted of manslaughter and his punishment fixed at eight years in the penitentiary. In the meantime in a companion case upon the same evidence a judgment of conviction of one of his co-defendants has been affirmed by this court. Warford v. Com., 213 Ky. 675. The facts are set out in the two opinions *supra* and need not be reiterated.

On this appeal it is urged, first, that the trial was premature. It does not clearly appear from the record of the former appeal that the defendant was on bail while it was pending. It does appear from this record that the mandate of reversal was issued November 11, 1925; that without previous notice it was presented by the commonwealth attorney and filed in open court on the first day of the succeeding term of the Franklin circuit court, January 5, 1926; that on motion of the commonwealth's attorney and over the objection and exception of defendant the case was docketed and assigned for trial on the 25th day of that month, and then tried. It is now insisted that in the absence of previous notice the court was without jurisdiction to try the case at the same term at which the mandate was filed.

There is no provision of the Criminal Code permitting such mandates to be filed during vacation nor any provision regulating the method of procedure upon reversal, and our attention has not been called to any case in this court exactly in point. In Powers v. Com., 114 Ky. 239, the procedure in civil cases was followed by giving notice to the defendant ten days before the beginning of court and by filing the mandate in accordance therewith; this was held sufficient. The court, however, intimated very strongly that even without such notice the case might have been tried at the same term at which the mandate was filed. It is common practice in criminal prosecutions to assign and try cases at the indictment term, where it can be done without prejudice to the rights of either party; and in the absence of statute no good reason can be shown why a similar practice should not

be followed in new trials after a reversal in this court where the defendant is in custody. Of course in each instance the defendant is entitled to a reasonable opportunity to prepare and present his case. The time necessary for this is addressed to the sound discretion of the trial court and unless abused his action should be upheld. Here the defendant had known for some time that his case was reversed. Upon filing the mandate he was given three weeks for preparation; naturally he was familiar with both the law and the facts, and it does not appear that he was in any way prejudiced in the assignment for trial. Again, while the record is not clear on this point it seems that appellant was on bail during the pendency of the appeal and had executed bond in accordance with the provisions of chapter 44 of the Acts of 1924. If so, the statutory form of that bond is: "If his case should be reversed he will appear in the next circuit court in which he was convicted, which does not begin within less than ten days of the reversal of the judgment of the circuit court again to answer said charge." This act makes no reference to the filing of the mandate of reversal, but by the terms of the bond the defendant is required to answer at the term of court which does not begin within less than ten days after the reversal of the judgment. In this case more than that period of time elapsed after the reversal in this court and by the terms of his bond, if on bail, appellant was before the court at the succeeding term, and upon the filing of the mandate the court had jurisdiction to assign the case for trial. In either event the court did not err in this particular.

The second contention is that the court erred in overruling the motion of defendant to set aside the swearing of the jury and to discharge the panel. The jurors were summoned from Shelby county and the the jury was impaneled and sworn and the case stated on the evening of January 25th. On the following morning the defendant entered the motion above indicated, based on the affidavits of three young men who claimed to have overheard a conversation between Frank Graves, a resident of Frankfort who had served as a juror in Lee's first trial, and a Mr. Webber who had been summoned as a prospective juror, which occurred in the courthouse while the jury was being selected. That Graves said, "I would not like to set in Lee's case because I have already passed my opinion," and that Webber said, "He would

like to set on it, that he had made up his mind in the case and that he thought the damn son-of-a-bitch ought to be hung;'' that shortly afterwards Webber was called and selected as a juror, stating on the *voir dire* that he had not formed or expressed an opinion.

In considering this motion the court retired to chambers and heard the evidence of the two affiants, who reiterated their statements in the affidavits and also the evidence of Graves, who denied the conversation *in toto,* and of the sheriff of the county, who testified as to the bad reputation of affiants. Thereupon the motion was overruled. On the motion for a new trial the same question was raised and the commonwealth filed an affidavit of Webber, who also denied the conversation *in toto.* The charge made was a serious one. If true Webber was totally unfit for jury service and it would be a travesty upon justice to permit him to serve, as such remarks not only showed extreme bias and prejudice but implied that his answers in the *voir dire to* the effect that he had not formed or expressed an opinion were false and misled appellant. But as his character is not otherwise attacked, and in view of the positive denials made by him and Graves and the impeachment of the parties making the affidavits, we entertain no doubt that the lower court correctly concluded that the charges were untrue and properly overruled the motion.

(3) There were four defendants in the indictment, which contained the usual allegations as to aiding and abetting. It is strongly urged, however, that the evidence did not authorize an instruction upon this issue, and that the court erred in giving such instruction; also, that if it was proper to submit this issue the instruction should have been qualified to meet the peculiar facts and circumstances of this case. In this respect it appears that the same instruction was given on the first trial and that it was not criticised by this court in its former opinion, the case being reversed on the sole ground of error in the instruction upon self-defense. It was there argued by the commonwealth that defendant was not entitled to a self-defense instruction because he denied participating in the fight in which deceased was killed. In reference to that the court said:

>  ''That contention cannot be sustained because the evidence discloses that appellant and his three co-defendants were engaged on one side in a general

encounter, while deceased and some three or four companions were engaged on the other side. According to defendants and his co-defendants deceased and his friends precipitated the fight and that he and his friends did all that they did while engaging in the encounter in defense of themselves and of each other. Appellant admitted engaging in the fight, as did all of his co-defendants. Appellant and each of his co-defendants denied inflicting the wound that resulted in the death of deceased. Under those facts it clearly would have been error not to submit appellant's defense of self-defense, and the giving of the instruction, worded as it was, clearly was prejudicial to his substantial rights."

Thus clearly indicating that the question of aiders and abettors was considered. The opinion disposed of two others questions which were not likely to arise on another appeal, and further said: "Our careful consideration of the other alleged errors urged by appellant has convinced us that they do not possess sufficient merit to require a discussion and determination of the questions presented." It must, therefore, be presumed that the instruction on aiding and abetting was considered and approved by the court, at any rate that opinion is the law of the case upon a second appeal, not only as to all questions decided but as to all questions that were raised or could have been raised in the record on that appeal. Muth v. Nunnelly's Admr., 202 Ky. 402; Ky. T. & T. Co. v. Downing's Admr., 159 Ky. 502; Graziani v. Ambrose, Admr., 201 Ky. 466; Blair v. Com., 181 Ky 218; Bowling v. Com., 144 Ky. 59; Cox's Admr. v. L. & N. R. Co., 137 Ky. 388; Cov. Bridge Co. v. Smith, 28 L. R. 529; C. & O. R. R. Co. v. Lang's Admx., 141 Ky. 592; Ill. Life Ins. Co. v. Wortham, 119 S. W. 802; Stringfield v. Lou. Ry. Co., 130 Ky. 468; Bradley v. Com., 204 Ky. 635. On the return of the case to the lower court the same instructions were given verbatim as on the first trial, except that the self-defense instruction was modified to conform to the opinion of this court. It follows that we are precluded from a further consideration of this question.

Lastly it is urged that the commonwealth's attorney was guilty of misconduct in his closing argument to the jury. On cross-examination of defendant the commonwealth laid the ground for contradiction, and later in re-

buttal offered certain witnesses for this purpose. These witnesses were under the rule but had remained in the court room during the trial, and the court sustained appellant's objection to their testifying. After referring to these facts the attorney said: "I am not criticising the ruling of the court, but I believe it is competent for me to comment on what occurs in your actual presence and you have a right to draw a reasonable conclusion from what occurs in your presence, and you have a right to believe from this action that the defendant is unwilling for all the facts to be presented to the jury." Appellant objected and moved the court to admonish the jury, and the court said to the jury: "He cannot avail himself of the language of the witnesses, but he may comment on your objection to the testimony." The majority of the court are of the opinion that this language should not have been used, but do not think it was prejudicial under all the circumstances of the case.

Wherefore, perceiving no error, the judgment is affirmed.