## McGuire v. Commonwealth.

Oct. 10, 1941.

Richard Bryan for appellant.

Hubert Meredith, Attorney General, and W. Owen Keller, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

The appellant, Charles Lee McGuire, a negro, upon trial for the murder of Gus Johnson, another negro, was convicted of voluntary manslaughter and sentenced to the penitentiary for 21 years and appeals from that judgment, the principal ground relied on for reversal being that the verdict is flagrantly against the evidence.

That there is no merit in the contention that the verdict is flagrantly against the evidence is revealed by the following brief statement of facts: The appellant, the deceased and a number of other negroes were engaged in a crap game. The deceased was "rolling the bones" and his point was eight, which he claimed he had made. An argument ensued between him and the appellant as to whether he had made his point and two witnesses for the Commonwealth testified that during the argument the deceased, who was drunk, got up from his knees and staggered back, whereupon the appellant shot him although he was making no demonstrations of any kind against appellant. The appellant testified that before going to the crap game he had seen the deceased place a pistol in his overalls and that when the argument ensued the deceased stepped back and ran his hands in his overalls and said, "Charlie, I will kill you," and stepped around one of the other negroes, whereupon appellant fired. One or two other witnesses support appellant's version of the difficulty, while other witnesses for appellant stated that when the deceased got up he "raked his hands like he was going in his pocket." No weapon was found on the deceased after the shooting and it seems clearly apparent from the evidence that he was unarmed. The two principal witnesses for the Commonwealth were contradicted somewhat materially by evidence of testimony given before the coroner's jury, but even if their testimony were eliminated from the case the jury were justified in convicting on the testimony of appellant and his own witnesses as they had a right either to believe or disbelieve that testimony. The defense relied on is the old hip pocket defense and, even were it uncontradicted, furnishes a highly unsatisfactory reason for the killing. Without further discussion we may say that we think the verdict of the jury was eminently justified.

The next reason assigned for reversal is that the Commonwealth, after proving by the appellant that he had been convicted of a felony for the purpose of im-

peaching his credibility as a witness, was permitted to require him to answer that the felony of which he had been convicted was hog stealing. It is strenuously argued that this violated the rule against permitting the Commonwealth to prove other crimes committed by the defendant, but it is a sufficient answer to this contention to say that it has been definitely decided to the contrary in Bates v. Com., 260 Ky. 551, 86 S. W. (2d) 322, and Quillen v. Com., 275 Ky. 158, 120 S. W. (2d) 1047, and cases therein cited. The case of Peck v. Com., 286 Ky. 347, 150 S. W. (2d) 919, relied on by appellant, in no wise sustains this contention. The effect of that decision was merely that only under exceptional circumstances may other crimes committed by an accused be proven against him as substantive evidence of his guilt. The Bates and Quillen cases definitely hold that where the accused's credibility as a witness is impeached by proof of conviction of felony, the nature of such felony may be proven.

The final reason assigned for reversal is that during the selection of the jury one of the prospective jurors stated in response to a question of the court that he had formed an opinion that appellant was guilty. The bill of exceptions does not show that such a statement was made but affidavits of the appellant and his counsel filed with the motion for a new trial state that it was their information that such a statement was made—neither of them heard the statement. Without passing on the question as to whether or not such a statement made by a prospective juror in the presence of other jurors would operate as a ground for reversal, it is apparent that it does not sufficiently appear in the record that such a statement was made. The affidavits of appellant and his counsel are merely to the effect that they had received such information. In the absence of direct evidence by someone who professed to have heard such a statement, it may not be considered. To permit matters to be brought into the record for consideration in this manner would throw the door wide open to hearsay and rumor in a most unjustifiable and unwarrantable manner.

We have little question that the appellant received a fair and impartial trial and that the jury was eminently justified in finding him guilty.

Judgment affirmed.