## Pennington v. Commonwealth.

May 10, 1949.

Isaac Turner for appellant.

A. E. Funk, Attorney General, and Zeb A. Stewart, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

This is an appeal from a judgment sentencing Odus Pennington to two years in prison for the malicious shooting and wounding of Culton Callahan. The shooting took place at night near the home of Polly Ann Pennington. The Commonwealth's version was that the appellant opened fire on Callahan with a shotgun and

that Callahan did not fire his pistol at Pennington until after he was shot. Pennington's version of the affray was that he shot in self-defense.

The grounds urged for reversal are that (1) a demurrer should have been sustained to the indictment; (2) the court admitted incompetent evidence and refused to admit competent evidence; (3) one of the jurors was biased and prejudiced against counsel for the appellant; and (4) the jury was improperly instructed.

The indictment recited that Pennington had been convicted three times previously. The contention is made that the indictment is demurrable, but since no demurrer was filed a discussion of this question is unnecessary.

It is insisted that Callahan should not have been permitted to answer questions relative to his physical condition, and to say that he had been hurt while in the Army. The members of the jury had an opportunity to observe Callahan, but in any event we fail to see how the answers to these questions were prejudicial to the appellant's substantial rights. The contention is made also that the appellant should have been permitted to show Callahan's bad reputation, since evidence had been introduced relative to his own reputation. Objections to some of the questions along this line were sustained, and, even where objections were sustained to answers, no exceptions were saved. Questions relating to difficulties between Callahan and his brother were irrelevant and the court properly refused their introduction. Attention is directed to the testimony of a witness on a question relative to Callahan's reputation. The gist of the testimony was that Callahan's reputation was bad, but the court on his own motion instructed the jury that this evidence should not be considered. The point is made that the record does not reflect the question as it was framed. However, we can consider only the questions as they appear in the record, and we fail to see how the appellant was prejudiced on this point. Pennington did not deny that he had been convicted previously on three different charges, but he contends that the evidence as to those convictions was not properly introduced. Court records were introduced showing the convictions and this was sufficient.

The affidavit of Mrs. Minnie Turner was filed in support of the motion and grounds for a new trial. Mrs. Turner stated one of the jurors, Mrs. Flora Roberts, had told her that "she and the juror Mrs. Roberts said to her without her asking it of her, that she, Mrs. Roberts would not do anything for Isaac Turner, it didn't make any difference who he was defending, that she would not be for any one that he was for, regardless whether he was in the right or wrong, that she never would be for the said Isaac Turner, in nothing that he was for, because he defended Carlo Sizemore for the killing of her brother Curt Sizemore, and got him out of it." In her counter-affidavit Mrs. Roberts said that she had a conversation with Mrs. Minnie Turner at the Hyden Hospital during the latter part of 1946 or early part of 1947; that some remark was made about their relationship; and that "she, affiant, responded that she and her family had always supported Isaac Turner in his effort to be elected for various offices, but that she would not vote for him again; that the foregoing was all that was said on that occasion. She states that she did not entertain any hard feeling against the said Isaac Turner and was not prejudiced against his client, Odus Pennington, that she joined in the verdict with the rest of the jury convicting the said Odus Pennington believing from the evidence that he was guilty of the charge for which he was tried." It has been pointed out frequently that the trial judge has broad discretion in determining whether or not a new trial should be granted. Franklin v. Commonwealth, 266 Ky. 833, 100 S. W. 2d 690, and cases cited therein. In the case of Lee v. Commonwealth, 218 Ky. 360, 291 S. W. 749, it was held that it was not error to overrule a motion to discharge a jury for bias where a juror had denied charges made by the affiant. In the case at bar the bias and prejudice were directed to counsel for the appellant. It may be that a trial judge would be warranted in granting a new trial to a defendant because of the bias of a juror toward his counsel. However, in ordinary circumstances, such a situation would be known to the attorney and would be a proper subject for a challenge to a juror. Mrs. Roberts admitted talking with Mrs. Turner about Isaac Turner, but she denied in a plausible manner that her intention to no longer support him in his campaigns

had influenced her in her decision in Pennington's case. Under the circumstances we believe the trial judge was warranted in refusing to set aside the verdict on this ground.

It is argued that the instructions should have allowed the jury to find for Pennington in the event it believed he shot Callahan in defense of certain other persons. This argument is groundless in view of the two versions of the shooting.

Since we find no error prejudicial to the appellant's substantial rights, the judgment is affirmed.