**Harold CLAYPOOLE, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.,**

Court of Appeals of Kentucky.

Dec. 14, 1962.

Rehearing Denied March 1, 1963.

D. Bernard Coughlin, Maysville, for appellant.

John B. Breckinridge, Atty. Gen., Joe Nagle, Asst. Atty. Gen., Frankfort, Woodson T. Wood, Commonwealth Atty., Maysville, for appellee.

WADDILL, Commissioner.

We consider the grounds urged for a reversal of a judgment sentencing Harold Claypoole to prison for 8 years upon his conviction of maliciously shooting and wounding Leland Edgington with intent to kill. Two former convictions were reversed for procedural errors. Claypoole v. Commonwealth, Ky., 355 S.W.2d 652 (1962) and 337 S.W.2d 30 (1960).

Claypoole's claim that the court erred in not granting him a change of venue will not be considered since he did nothing to obtain it in the circuit court.

The contention that the verdict is flagrantly against the evidence is apparently predicated upon the theory that evidence introduced in behalf of Claypoole rendered the Commonwealth's proof so incredible that the court should set aside the verdict and order a new trial. We cannot accept this theory because the evidence introduced in support of Claypoole's claim of self defense was not of such a character that it would entitle Claypoole to a directed verdict of acquittal. Hence, the verdict found in accordance with the Commonwealth's evidence, which was sufficient to sustain the conviction, will not be disturbed. See Lefler v. Commonwealth, 216 Ky. 176, 287 S.W. 569; Deaton v. Commonwealth, 211 Ky. 651, 277 S.W. 1001.

Claypoole urges that misconduct of the Commonwealth's Attorney prevented him from obtaining a fair trial and he makes numerous references to the record

to support his contention. We have examined each of the alleged acts of misconduct and find no basis for the accusation.

In support of the motion for a new trial an affidavit was filed alleging that one of the trial jurors had concealed on voir dire the fact that he had previously stated "a fellow that would do what Claypoole did should be sent to the penitentiary." The juror filed a counter-affidavit in which he emphatically denied having made the statement. Upon the issue raised it cannot reasonably be said that the trial judge abused his discretion in overruling this motion. Combs v. Commonwealth, Ky., 356 S.W.2d 761; Colwell v. Commonwealth, Ky., 320 S.W.2d 116.

After a careful examination of the record we find no error.

Judgment affirmed.